UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL SCOTT RIDGEWAY, | No. 2:25-cv-02164-DAD-SCR |
| Plaintiff, | |
| v. | ORDER GRANTING MOTION TO DISMISS IN PART |
| STATE OF CALIFORNIA, et al., | (Doc. No. 9) |
| Defendants. | |

This matter is before the court on defendants' motion to dismiss plaintiff's first amended complaint ("FAC") in its entirety only as to defendants State of California and the California Highway Patrol (CHP). (Doc. No. 9.) On September 29, 2025, the pending motion was taken under submission on the papers pursuant to Local Rule 230(g). (Doc. No. 11.) For the reasons explained below, the court will grant defendants' motion to dismiss in part.

**BACKGROUND**

On May 8, 2025, plaintiff Michael Ridgeway filed his original complaint in the Sutter County Superior Court initiating this civil action. (Doc. No. 1-3.) On July 24, 2025, plaintiff's counsel served defendants' counsel with plaintiff's operative FAC, indicating that it would be filed on July 25, 2025. (Doc. No. 1 at 5.) On August 1, 2025, defendants removed the action to this federal court. (*Id.*) This case arises from plaintiff's March 31, 2024 arrest by defendant CHP officers Touchet and Gonzalez. (Doc. No. 1-4 at ¶¶ 15, 17.)

1

In his FAC, plaintiff brings the following six claims against defendants:  (1) a 42 U.S.C. § 1983 claim for unwarranted entry into a private residence in violation of the Fourth and Fourteenth Amendments brought against all defendants; (2) a 42 U.S.C. § 1983 claim for unlawful detention and arrest in violation of the Fourth and Fourteenth Amendments brought against all defendants; (3) a 42 U.S.C. § 1983 *Monell*[1] claim for failure to train brought against defendants State of California and CHP; (4) a 42 U.S.C. § 1983 *Monell* claim for unconstitutional custom or policy brought against defendants State of California and CHP; (5) intentional infliction of emotional distress brought against all defendants; and (6) negligence brought against all defendants.  (Doc. No. 1-4 at ¶¶ 34–74.)

On September 26, 2025, defendants filed their motion to dismiss certain claims asserted in plaintiff's FAC.  (Doc. No. 9.)  Local Rule 230(c) provides that an opposition brief "shall be filed and served no later than fourteen (14) days after the motion was filed."  L.R. 230(c).  To date, plaintiff has filed no opposition to the pending motion to dismiss and the time in which to do so has long passed.  Accordingly, the court construes plaintiff's failure to oppose as a "non-opposition to the motion."  L.R. 230(c) ("A failure to file a timely opposition may also be construed by the Court as a non-opposition to the motion.").

On October 17, 2025, the court dismissed defendant California Highway Patrol from this action, with prejudice, pursuant to the parties' stipulation.  (Doc. No. 13.)[2]  Accordingly, to the extent defendants' motion to dismiss seek dismissal of defendant California Highway Patrol from this action, the motion will be denied as having been rendered moot.   What remains before the court is defendants' unopposed motion to dismiss all claims asserted by plaintiff against the defendant State of California.

### LEGAL STANDARD

The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test the legal sufficiency of the complaint.  *N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir.

---

[1]  *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978).

[2]  On March 27, 2026, the court dismissed defendant CHP officer Brian Gonzalez from this action, with prejudice, pursuant to the parties' stipulation.  (Doc. No. 21.)

2

1983).  "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory."  *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).  A plaintiff is required to allege "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In determining whether a complaint states a claim on which relief may be granted, the court accepts as true the allegations in the complaint and construes the allegations in the light most favorable to the plaintiff.  *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984).  However, the court need not assume the truth of legal conclusions cast in the form of factual allegations.  *U.S. ex rel. Chunie v. Ringrose*, 788 F.2d 638, 643 n.2 (9th Cir. 1986).  While Rule 8(a) does not require detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Iqbal*, 556 U.S. at 678.  A pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action."  *Twombly*, 550 U.S. at 555; *see also Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").  It is inappropriate to assume that the plaintiff "can prove facts that it has not alleged or that the defendants have violated the . . . laws in ways that have not been alleged."  *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983).

In ruling on a motion to dismiss brought under Rule 12(b)(6), the court is permitted to consider material that is properly submitted as part of the complaint, documents that are not physically attached to the complaint if their authenticity is not contested and the plaintiffs' complaint necessarily relies on them, and matters of public record.  *Lee v. City of Los Angeles*, 250 F.3d 668, 688–89 (9th Cir. 2001).

**DISCUSSION**

Defendants first argue that plaintiff's § 1983 claims against defendant State of California are not cognizable because a state is not a "person" within the meaning of § 1983.  (Doc. No. 9 at

3

3–5.)  The Supreme Court has held that "neither a State nor its officials acting in their official capacities are 'persons' under § 1983." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989).  "The State of California has not waived its Eleventh Amendment immunity with respect to claims brought under § 1983 in federal court and the Supreme Court has held that '§ 1983 was not intended to abrogate a State's Eleventh Amendment immunity[.]'" *Dittman v. California*, 191 F.3d 1020, 1025–26 (9th Cir. 1999) (internal citations omitted) (quoting *Kentucky v. Graham*, 473 U.S. 159, 169 n.17 (1985)).  Accordingly, plaintiff's § 1983 claims asserted against the defendant State of California must be dismissed for failing to state a cognizable claim.  *See White v. Cal. Dep't of Corr. & Rehab.*, No. 09-cv-02198-VBF-AGR, 2009 WL 10698882, at *1 (C.D. Cal. Aug. 5, 2009) (dismissing § 1983 claim against state agency because the state is not a person within the meaning of § 1983).

Defendants next argue that plaintiff's remaining state law tort claims against defendant State of California are barred by California Government Code § 815.  (Doc. No. 9 at 5–6.) California Government Code § 815(a) provides, in relevant part, that "[a] public entity is not liable for an injury, whether such injury arises out of an act or omission of the public entity or a public employee or any other person."  Cal. Gov't Code § 815.  "In other words, direct tort liability of public entities must be based on a specific statute declaring them to be liable, or at least creating some specific duty of care[.]"  *Eastburn v. Reg'l Fire Prot. Auth.*, 31 Cal. 4th 1175, 1183 (2003).  Nevertheless, "[t]he California Tort Claims Act does allow for vicarious liability of a public entity for harm caused by an employee acting within the scope of his or her employment."  *Barcelo v. City of San Diego*, No. 25-cv-00329-BAS-AHG, 2025 WL 2917176, at *3 (S.D. Cal. Oct. 10, 2025).

A review of plaintiff's FAC reveals that his intentional infliction of emotional distress claim does not specify any theory under which the defendant State of California is purportedly liable.  (Doc. No. 1-4 at ¶¶ 65–69.)  Plaintiff's negligence claim is based on a direct theory of liability that the defendant State of California was negligent by failing to "formulate, implement[,] and enforce proper, reasonable, adequate[,] and safe procedures" for California Highway Patrol officers.  (*Id.* at ¶ 74.)  Plaintiff cannot state a cognizable claim for relief as to

4

these claims based on direct theories of liability, including negligent hiring or training.  *See Strawn v. Sokoloff*, No. 1:22-cv-01245-AWI-EPG, 2023 WL 2760904, at *10 (E.D. Cal. Apr. 3, 2023) (dismissing claims against the defendant city for negligent hiring and training because such claims were barred by California Government Code § 815); *see also Bauer v. City of Pleasanton*, No. 3:19-cv-04593-LB, 2020 WL 1478328, at *7–8 (N.D. Cal. Mar. 26, 2020) (dismissing claims against the defendant city for negligent hiring based on both direct and vicarious liability as both theories are barred by § 815 in the context of negligent hiring).  In light of plaintiff's failure to oppose the pending motion and the lack of a clear allegation of vicarious liability in plaintiff's FAC, the court will grant defendants' motion to dismiss plaintiff's fifth and sixth state law tort claims asserted against the State of California.

Leave to amend should be granted "freely" when justice so requires.  Fed. R. Civ. P. 15(a).  The Ninth Circuit maintains a policy of "extreme liberality generally in favoring amendments to pleadings." *Rosenberg Bros. & Co. v. Arnold*, 283 F.2d 406, 406 (9th Cir. 1960).  Reasons "such as undue delay, bad faith or dilatory motive . . . repeated failure to cure deficiencies . . . undue prejudice to the opposing party . . . [or] futility" may support denial of leave to amend.  *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also Brown v. Stored Value Cards, Inc.*, 953 F.3d 567, 574 (9th Cir. 2020) (same).  A district court "should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Cook, Perkiss and Liehe, Inc. v. N. Cal. Collection Servs.*, 911 F.2d 242, 247 (9th Cir. 1990); *see also Yagman v. Garcetti*, 852 F.3d 859, 863 (9th Cir. 2017) (same).

As to plaintiff's § 1983 claims against defendant State of California, granting leave to amend would be futile because that defendant is immune from such claims.  *See Ramos v. Cal. Dep't of Fair Emp.*, No. 2:17-cv-01610-TLN-AC, 2018 WL 466262, at *3 (E.D. Cal. Jan 18, 2018) (dismissing § 1983 claims without leave to amend against the defendant state agency as barred by the Eleventh Amendment), *report and recommendation adopted sub nom., Ramos v. Cal. Dep't of Fair Emp. & Hous.*, 2018 WL 1382359 (E.D. Cal. Mar. 19, 2018); *see also Robicheaux v. County of Orange*, 750 F. Supp. 3d 1161, 1168 (C.D. Cal. 2024) (same).  As to

plaintiff's state law tort claims, as discussed above, plaintiff could feasibly state a cognizable claim for relief based on a vicarious liability theory. *See McCullough v. City and Cnty. of San Francisco*, Case No. 24-cv-03260-JCS, 2024 WL 4353061, at *12–14 (N.D. Cal. Sept. 30, 2024) (discussing the requirements for stating a cognizable claim against a public entity for negligent hiring, retention and supervision by its employees under a vicarious liability theory). Accordingly, plaintiff will be granted leave to amend those claims.

## CONCLUSION

For the reasons above,

1.     Defendants' motion to dismiss plaintiff's first amended complaint (Doc. No. 9) is GRANTED IN PART;

2.     Plaintiff's first, second, third, and fourth claims asserted against defendant State of California are DISMISSED without leave to amend;

3.     Plaintiff's fifth and sixth claims asserted against defendant State of California are DISMISSED with leave to amend;

4.     Defendants' motion to dismiss plaintiff's first amended complaint as to defendant CHP is DENIED as having been rendered moot by the court's October 17, 2025 order dismissing that defendant from this action, with prejudice, pursuant to the parties' stipulation; and

5.     Plaintiff shall file any second amended complaint, or alternatively, a notice of his intent not to do so, within twenty-one (21) days from the date of entry of this order and any failure on his part to do so will result in the dismissal of those claims without further leave to amend.

IT IS SO ORDERED.

Dated:   __**April 9, 2026**__                    _____
                                                      DALE A. DROZD
                                                      UNITED STATES DISTRICT JUDGE